[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By complaint dated December 7, 1999 the plaintiff, Susan L. Cranwell commenced this action seeking a dissolution of marriage on the grounds of irretrievable breakdown and other relief The defendant appeared through counsel. Both parties appeared with counsel on September 24, 2001 and October 16, 2001 and the plaintiff proceeded on her complaint. The parties presented testimony and introduced documentary evidence. The court, after hearing the testimony and reviewing the exhibits and post trial briefs, makes the following findings of fact.
The plaintiff, whose maiden name was Susan Lowe, married the defendant on November 10, 1979 in Hartford, Connecticut. She has resided continuously in the State of Connecticut for at least 12 months preceding the filing of the complaint. All statutory stays have expired. The parties adopted a minor child, Michael J. Cranwell, born March 20, 1984. No children were born to the plaintiff since the date of the marriage. The court further finds that neither party or their minor child has been the recipients of any aid from the State of Connecticut or any CT Page 2184 municipality thereof
The plaintiff is 52 years of age. She graduated from Conard High School in 1967. She attended the University of Connecticut for the academic year 1967-1968 majoring in Fine Arts. In 1979 she received an Associates Degree from Manchester Community College. She had some training in making pottery in the 1980's. She has no other education. The defendant is 59 years of age. He graduated from Hartford Public High School and served on active duty in the United States Marine Corps. In 1966 he received a Bachelor of Science degree from the University of Connecticut with a major in political science.
The plaintiff offered substantial testimony concerning her physical problems and her claimed inability to engage in any meaningful remunerative occupation. She offered no medical testimony or reports concerning her past or present medical condition or prognosis. Between 1996 and 1998 she has been involved in three serious automobile accidents and received primarily soft tissue injuries. She takes pain medication. She seeks the services of a chiropractor and a massage therapist. She has received a net aggregate settlement of approximately $60,000 which she has maintained as her separate property. She is a recovering alcoholic and has developed hepatitis. She was an active alcoholic for many years.
The plaintiff was previously married. Neither party brought any significant assets into the marriage although the defendant had debts. The plaintiff was rarely employed outside of the marital home. The plaintiff claimed the defendant insisted she not work but the defendant claims he wanted to have her work, at least part time. It should be noted that Michael was not born until the parties were married approximately 5 years. Since his graduation from college the defendant has been engaged in the same type of business, first as an employee and them as the owner of a small company. He sells continuous business forms to other businesses.
The plaintiff claims that the breakdown of the marriage was caused by the defendant and his relationship with the minor child e.g. arguments, discipline and the overall approach to child-rearing. The plaintiff gave the defendant little credit for anything positive during the marriage. On the other hand the defendant blames the plaintiff because of her alcoholism. The plaintiff now lives with another man who she met in 1999. This person does not contribute to the support of the household. The court finds that both parties were equally to blame for the breakdown.
By stipulation the parties have entered into a parenting plan and a division of their assets, which are substantial and result from the CT Page 2185 efforts of the defendant. The remaining issues involve alimony and attorneys fees.
Based upon the testimony of the defendant and his witness and a review of the exhibits the defendant's income is in a downward trend in part to the loss of some large accounts and a changing technology. He has attempted to increase sales by expanding his product line but with limited success. Although the defendant claims his gross annual salary is currently $46,488 the court finds his gross annual salary to be $84,000. He is the primary support of his son. The plaintiff has contributed little to the son's upkeep and is unlikely to contribute a significant amount in the foreseeable future.
Counsel for both parties have extensively briefed the issues.
The court has considered the parenting plan and the division of assets which have been made orders of the court and are incorporated into this judgement. The court has also considered all of the factors in Connecticut General Statutes §§ 46b-82 and 46b-62 and other pertinent statutes, earnings and earning capacity differentials, causes for the breakdown of the marriage and the consequences of the financial awards set forth below. Judgment shall enter dissolving the marriage on the grounds of irretrievable breakdown. It is further ordered that:
1. Alimony.
The defendant shall pay to the plaintiff the sum of $400 per week periodic alimony. For tax purposes the alimony shall be includable in the income of the plaintiff and deductible by the defendant. The alimony shall terminate upon the death of either party or the remarriage of the plaintiff. Upon the retirement of the defendant or upon his reaching the age of sixty-five the court, upon the motion of the defendant, may consider if alimony should be modified or terminated.
2. Medical Insurance.
The defendant shall pay, for a period of three years from the date of this judgment the cost of medical insurance for the benefit of the plaintiff (COBRA coverage so-called).
3. Contempt.
The court makes no finding of contempt by the defendant of prior court orders.
4. Liabilities. CT Page 2186
Each party shall be liable for the debts listed on their respective financial affidavits and hold the other harmless therefrom.
BY THE COURT
 ___________________ JOHN R. CARUSO, J.